1249

GUARDIAN FIDELITY CORPORATION, Appellant v. FIRST SOUTH SAVINGS BANK, Respondent.

(374 S. E. (2d) 690)

Court of Appeals

---

64

*Edward M. Woodward Jr.,* of *Woodward, Leventis, Unger, Ormand & Herndon,* Columbia, *for appellant.*

*Robert W. Buffington,* of *Sinkler & Boyd,* Columbia, *for respondent.*

Heard Oct. 19, 1988.

Decided Nov. 28, 1988.

LITTLEJOHN, Judge:

This action was commenced by Plaintiff Guardian Fidelity Corporation, Appellant, a lending institution, against Defendant First South Savings Bank, Respondent, to recover $5,000 plus interest allegedly due because First South did not honor James L. Felder's assignment of a certificate of deposit in favor of Guardian. The Answer of First South alleges in essence that Felder, a borrower from both institutions, had previously given to it an assignment of the certificate superior to that of Guardian. The Answer tenders payment in the amount of $862.47 held by First South after its debt was satisfied from certificate proceeds.

There is involved a contest between Guardian and First South over which lender has priority to the funds represented by a certificate of deposit owned by Felder. This certificate was collateral for loans made by both parties to Felder.

## FACTS

The facts out of which this dispute arises are not meaningfully in dispute. They involve four promissory notes issued chronologically by Felder as follows:

1. On March 14, 1984, Felder signed a promissory note in favor of First South in the amount of $5,000. It was due March 13, 1985, and was secured by the assignment of his certificate of deposit issued by First South. The assignment secured "... present or future advances while this assignment remains in force, ...." Upon failure to pay, it gave First South the right to pay over to itself a sum sufficient to satisfy the indebtedness. This certificate of deposit included the following verbiage: "This certificate is nontransferable."

2. On April 1, 1985, the note was renewed by a new note due July 29, 1985. The note of March 14, 1984, was marked: "Paid in full by refinance." The certificate of deposit was continued as collateral.

3. On April 3, 1985, Felder applied to Guardian for a $5,000 loan. He had in his possession the certificate of deposit issued by First South. The loan officer of Guardian phoned the loan officer of First South to inquire about the certificate of deposit which Felder proposed

to assign as security for the note. The loan officer at First South told the loan officer at Guardian that the assignment could not be honored unless an assignment was made by Felder in writing but stated in essence that he contemplated no problem with it. Guardian's loan officer proceeded to make the loan and disburse the proceeds thereof without submitting the assignment in writing to First South. He sent Felder's assignment of the certificate of deposit to First South in Columbia. About ten days later, First South returned Felder's assignment with the notation: "First South Savings Bank, Inc. considers itself to have priority on the above CD, and Guardian Fidelity's position to be second."

4. On September 5, 1985, Felder's note due First South on July 29, 1985, had not been paid, and First South renewed the note again marking the old note: "Paid in full by refinance." This note was due December 2, 1985, and was secured by the same certificate of deposit as collateral.

After December 2, 1985, (Felder now in bankruptcy, having defaulted) his note was satisfied with First South applying monies represented by the certificate of deposit to payment of its debt. After the debt was satisfied, there remained in the certificate of deposit account $862.47 which First South holds and is agreeable to paying to Guardian.

In this appeal Guardian submits two issues as taken from its Brief for determination.

1. Is First South estopped from claiming a superior interest in the certificate of deposit to that of Guardian? [and]

2. Is Guardian's legal claim to the certificate of deposit superior to that of First South?

### THE ESTOPPEL ISSUE

Guardian argues First South is estopped from asserting a superior interest in the CD.

First South submits that estoppel is not an appropriate issue for consideration by this Court because the same was not plead by name or inferentially. The trial judge did not treat the issue, and it is mentioned for the first time

in Guardian's exceptions. The language of the Supreme Court of South Carolina in the case of *Beacham v. Greenville County*, 218 S. C. 181, 62 S. E. (2d) 92 (1950) is equally applicable here:

> By it he contends that the county is estopped to deny liability under the purported contract. The record is clear that the point was not made or adjudicated in the lower court, whereby it is unavailable on appeal. However, if it were, and the doctrine otherwise applicable to this case, it was not supported by the evidence.

We find no merit to Guardian's argument.

### PRIORITY ISSUE

Guardian has acknowledged at trial that it needed the written acceptance of the assignment before its security interest could be perfected. Only then would it be valid as against First South. The controversy might have been avoided had the loan officer of First South responded to Guardian's inquiry telling of the collateral assignment which it held, but we think there was no duty upon which Guardian could rely to reveal confidential information concerning Felder's business transactions with the Bank. No misrepresentation of fact was made. After Felder had signed an instrument pledging the certificate of deposit, First South felt free to respond which it did by asserting that it claimed a prior lien on the certificate of deposit.

The argument of counsel for Guardian that the old debt was wiped out on two occasions and that the new notes were not actually renewals but evidence of a new debt is without merit. As found by the trial judge, it was never the intent of the parties to create a new obligation. In *Ford Motor Credit Company v. Morales*, 279 S. C. 388, 308 S. E. (2d) 102 (1983), our Supreme Court held:

> A payment of a debt is not considered made until it is accepted by the creditor with the intention of extinguishing the debt. *In re McElmurray*, 47 F. Supp. 15, 19 (E.D.S.C. 1942); 60 Am. Jur. (2d) *Payment* § 1 at 612 (1972); 70 C.J.S. *Payment* § 1 at 210-211 (1951).

The trial judge held, and we agree:

The purpose of the refinancing was to extend the time in which the depositor had to pay the indebtedness. No new cash was given to the depositor and the collateral remained the same. The clear intent was not to extinguish the debt but to merely extend time for payment. I find from the testimony and from the face of the note that the purpose of the loan was to renew the note.

Where one of two innocent parties must suffer, the law looks with disfavor upon that party who, through due diligence, could have avoided the loss. Guardian could have avoided the loss by waiting for the written assignment which it knew was required to perfect its lien. Order of the trial judge is

Affirmed.

SHAW and CURETON, JJ., concur.